IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Exquisite Multimedia Inc.,           ) | No. CV-12-0107-PHX-FJM |
|                                       ) | |
|         Plaintiff,                    ) | **ORDER** |
|                                       ) | |
| vs.                                   ) | |
|                                       ) | |
| Does 1–146,                           ) | |
|                                       ) | |
|         Defendants.                   ) | |
|                                       ) | |

The court has before it plaintiff's *ex parte* "Motion for Leave to Take Discovery Prior to Rule 26(f) Conference" (doc. 7).

Plaintiff owns the copyright to a motion picture entitled "Supergirl XXX An Extreme ComiXXX Parody" (the Film). Plaintiff filed a complaint against 146 Doe defendants who are alleged to have used peer-to-peer file sharing technology to duplicate and distribute an unauthorized copy of the Film, in violation of plaintiff's copyright. At this point, plaintiff is only able to identify the 146 Doe defendants through the IP addresses assigned to the computers that were used to distribute the Film. Each of these IP addresses is administered by an Internet Service Provider (ISP), which can identity each defendant through the IP addresses. Plaintiff now seeks leave to subpoena the Internet Service Providers in order to identify the subscribers assigned to the IP addresses.

When a plaintiff does not know defendants' identities at the time a complaint is filed, we may grant the plaintiff early discovery to determine the Doe defendants' identities "unless

1  it is clear that discovery would not uncover the identities, or that the complaint would be
2  dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).
3      Plaintiff asserts that each of the Doe defendants is properly joined under Rule
4  20(a)(2), Fed. R. Civ. P., because each defendant is alleged to have traded the exact same file
5  of the copyrighted work in related transactions through torrent software. Although we grant
6  plaintiff's motion to conduct early discovery, we reserve judgment on the question of joinder
7  at this early stage of the litigation. Once served, defendants may choose to challenge joinder.
8      **IT IS ORDERED GRANTING** plaintiff's Motion for Leave to Take Discovery Prior
9  to Rule 26(f) Conference (doc. 7). Plaintiff may subpoena the Internet Service Providers
10 (and any intermediary ISP that may be identified in the pre-service discovery process) for the
11 limited purpose of discovering the identities of the subscribers assigned to the IP addresses
12 listed in Exhibit A to the Amended Complaint, including name, current and permanent
13 address, email address, and Media Access Control address.
14     IT IS FURTHER ORDERED that, if served with a subpoena, the Internet Service
15 Provider shall:
16     1. immediately suspend any process that might delete the information sought by
17 plaintiff; and
18     2. have 30 calendar days from the date of service of the subpoena to —
19     a) comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B), if
20     the subpoenaed party is a "cable operator" as defined by 47 U.S.C. § 522(5),
21     and
22     b) respond to the subpoena.
23     IT IS FURTHER ORDERED that plaintiff shall pay any costs charged by any
24 subpoenaed Internet Service Providers for researching the Doe defendants.
25     DATED this 11th day of April, 2012.
26
27             _Frederick J. Martone_
                 Frederick J. Martone
28                  United States District Judge